IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Paul Perkins and Florence Perkins, | : | |
| Plaintiffs | : | Civil Action 2:06-cv-00030 |
| v. | : | |
| Liberty Mutual Insurance Company, *et al.*, | : | Magistrate Judge Abel |
| Defendants | : | |
| | : | |

**OPINION AND ORDER**

Paul and Florence Perkins brings this suit alleging breach of insurance agreement and tortious and malicious conduct in denying coverage for auto damage.  This matter is before the Court on Defendant Brian Holdaway's May 10, 2006 motion to dismiss pursuant to Rule 12(b)(2), Federal Rules of Civil Procedure, for lack of personal jurisdiction (doc. 30).

Defendant Holdaway argues that Plaintiffs have failed to establish personal jurisdiction over him because (1) he has no contacts with the Ohio, outside of a non-business related trip to Ohio 30 years ago and (2) he has not availed himself to Ohio, in that all transactions occurring between the parties took place in Maryland.  Without the first element, Plaintiff cannot show general jurisdiction.  Without the second element, Plaintiff fails to show specific jurisdiction.

**I. Background**

Plaintiffs Paul and Florence Perkins brought this suit alleging that their insurance carrier, Liberty Mutual Insurance Company, breached their insurance agreement and acted tortiously and maliciously in denying coverage for auto damage. Plaintiffs claim their 2003 Hyundai, insured by Defendant Liberty Mutual Insurance Co., sustained water damages after it was exposed to high water. Their insurance company, Defendant Liberty Mutual Insurance Company, refused to provide coverage for the cost to repair the car and refused to provide Plaintiffs with a rental car. Plaintiff's Amended Complaint ¶ 2. The amended complaint added Brian Holdaway as a defendant. It alleges that Holdaway made tortious and malicious misrepresentations when he said that Plaintiffs' car was in no way damaged even though he was fully aware that the car had been "water soaked." His statement assisted Liberty Mutual in denying Plaintiff's their just compensation under the policy. *Id.* at ¶ 5. Plaintiffs Paul and Florence Perkins are seeking loss of use damages, exemplary damages, loss of contents and compensatory damages, punitive damages, and legal fees. *Id.* at ¶ 6.

**II. Discussion**

    **A. Standard of Review**

Rule 12(b)(2), Federal Rules of Civil Procedure, dictates that a party must raise the defense of a lack of personal jurisdiction in the responsive pleading or in a motion made before a pleading is filed. If this defense is not raised at this point, 12(h)(1) bars a

2

party from raising such a defense at a later point in the proceeding.

When considering a motion made under Rule 12(b)(2), Federal Rules of Civil Procedure, a court can choose one of three procedural options in approaching the motion. The court can "decide the motion upon the affidavits alone, it may allow discovery in aid of deciding the motion, or it may conduct an evidentiary hearing to resolve the factual questions." *King v. Corporation of U.S. of America*, 2005 WL 3320866 at *1 (E.D. Mich. 2005). If a court chooses one of the first two options, the burden rests upon the plaintiff to make a prima facie case of the court's jurisdiction. *Id.* at *2. However the court under this option will treat the allegations contained in the plaintiff's complaint as being true and any factual disputes will be resolved in favor of the plaintiff. *Budget Rent A Car System, Inc. v. Miles*, 2005 WL 116035 at *2 (S.D. Ohio 2005). On the other hand, if the court chooses to pursue the third option in deciding upon the Rule 12(b)(2) motion, "the plaintiff must establish personal jurisdiction by a preponderance of the evidence." *Kelley v. International Capital Resources, Inc.*, 231 F.R.D. 502, 509 (M.D. Tenn. 2005).

The Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction will be granted if the evidence before the court shows that the state's long-arm statute does not reach the defendant and the exercise of jurisdiction does not comport with federal due process. *Logue v. Siesta 4-Rent*, 2005 WL 1421958 at *2 (S.D. Ohio 2005). Ohio Revised Code § 2307.382 gives the elements of Ohio's long-arm statute, which provides, in part, that the court may exercise personal jurisdiction over a person if: (1) they transact business

3

in the state; (2) they contract to supply goods or services within Ohio; (3) they cause tortious injury by an act or omission within Ohio; or (4) they cause tortious injury to someone in the state by an act or omission outside of the state if they regularly do business, solicit business, engages in a persistent course of conduct in Ohio, or receive substantial revenues from this state. *Id.* at *2. Federal due process, as interpreted by this Court requires that the "nonresident defendant has sufficient contacts with the forum state that the district court's exercise of jurisdiction would comport with 'traditional notions of fair play and substantial justice." To decide if the latter requirement has been met, a three part test is employed, which requires: "(1) 'the defendant must purposely avail himself to the privilege of conducting activities within the forum state'; (2) 'the cause of action must arise from the defendant's activities there'; and (3) 'the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make its exercise of jurisdiction over the defendant fundamentally fair.'" *Id.* at *4.

### B. Defendant's Argument

Defendant Brian Holdaway argues that he has no contacts with the forum state of Ohio. His uncontroverted affidavit states that the last time he was even in the state of Ohio was thirty years ago, when he was visiting an acquaintance. His only contacts with the Plaintiffs Florence and Paul Perkins were in Maryland. These contacts had no connection with the state of Ohio.

4

### C. Plaintiffs' Response

Plaintiffs Florence and Paul Perkins argue that the defense of a lack of personal jurisdiction was not properly raised prior to or in Defendant Brian Holdaway's answer. They further argue that the motion is frivolous, was filed with the malicious intent to defraud, harass, cause oppression to them, and deprive them of their rights under the Federal Rules of Civil Procedure and due process of law. Plaintiffs claim to have been unduly burden by the expense, time and surprise of having to respond to a motion they felt was already barred from being brought. The Plaintiffs not only request the motion be denied, but also demand compensation for what they to have suffered due to the sheer fact that the motion was brought.

### D. Has Holdaway Waived His Right to Assent to Lack of Personal Jurisdiction?

The "Additional Defenses" section of Defendant Holdaway's answer, paragraph 7 clearly raises the defense of personal jurisdiction: "The Court may lack personal jurisdiction over the Defendant." Answer of Defendant Brian Holdaway to Plaintiffs' Amended Complaint ¶ 7.

### E. Long-Arm

Ohio's long-arm statute provides for personal jurisdiction over a defendant under the following circumstances:

> (A) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the

person's:

(1) Transacting any business in this state;

(2) Contracting to supply goods or services in this state;

(3) Causing tortious injury by an act or omission in this state;

(4) Causing tortious injury in this state by an act or omission outside this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;

(5) Causing injury in this state to any person by breach of warranty expressly or impliedly made in the sale of goods outside this state when he might reasonably have expected such person to use, consume, or be affected by the goods in this state, provided that he also regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;

(6) Causing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when he might reasonably have expected that some person would be injured thereby in this state;

(7) Causing tortious injury to any person by a criminal act, any element of which takes place in this state, which he commits or in the commission of which he is guilty of complicity;

(8) Having an interest in, using, or possessing real property in this state;

(9) Contracting to insure any person, property, or risk located within this state at the time of contracting.

(B)  For the purpose of this section, a person who enters into an agreement, as a principal, with a sales representative for the solicitation of orders in this state is transacting business in this state.  As used in this division, "principal" and "sales representative" have the same meaning as in section 1335.11 of the Revised Code.

>> (C) When jurisdiction over a person is based solely on this section, only a cause of action arising from acts enumerated in this section may be asserted against him

Ohio Revised Code § 2307.382.

Based on the allegations in the amended complaint and the uncontroverted facts asserted in Brian Holdaway's affidavit, the only contact that Plaintiffs have ever had with Defendant Holdaway occurred at Defendant McDonald's Auto Body Works in Maryland, Massachusetts. Defendant Holdaway has not availed himself of the privilege of conducting business in Ohio. Nor does the cause of action arise out of Defendant Holdaway's activities in Ohio. Neither Defendant Holdaway's acts nor the consequences of his conduct has any legally significant connection with the forum state of Ohio such that it would be fundamentally fair to exercise jurisdiction over him here.

### III. Conclusion

Accordingly, Defendant Brian Holdaway's May 10, 2006 Motion to Dismiss for Lack of Personal Jurisdiction pursuant to Rule 12(b)(2), Federal Rules of Civil Procedure, (doc. 30) is **GRANTED**. Defendant Holdaway is **DISMISSED** from this lawsuit for want of personal jurisdiction.

s/Mark R. Abel
United States Magistrate Judge
